IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 8:20-cv-1710-T-33AAS |
| | ) | |
| CF INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**JOINT STIPULATION OF SETTLEMENT BETWEEN PLAINTIFF
UNITED STATES OF AMERICA AND DEFENDANT CF INDUSTRIES, INC.**

Plaintiff, the United States of America ("United States"), by the authority of the Attorney

General of the United States, acting at the request of the Administrator of the United States

Environmental Protection Agency ("EPA"), by and through the undersigned attorneys, alleges as

follows:

WHEREAS, Plaintiff United States of America, on behalf of the United States

Environmental Protection Agency ("EPA"), has filed a complaint in this action concurrently with

this Joint Stipulation of Settlement, alleging that Defendant CF Industries, Inc. ("Defendant") is

liable for civil penalties for violations of the Prevention of Significant Deterioration ("PSD")

provisions of the CAA, 42 U.S.C. §§ 7470-92; Title V of the CAA, 42 U.S.C. § 7661 *et seq.* and

the State Implementation Plan ("SIP") for the State of Florida ("Florida") promulgated pursuant

to Section 110 of the CAA, 42 U.S.C. § 7410. *See* F.A.C. 62-212.400.

WHEREAS, the alleged violations occurred at two sulfuric acid plants, specifically the

"C" and "D" sulfuric acid plants (hereinafter collectively "Plant City SAPs" or "C and D SAPs")

which are part of a phosphate fertilizer manufacturing facility located at 10608 Paul Buchman

1

Hwy, Plant City, Florida (hereinafter "Plant City Facility") that was owned and operated by Defendant at the time of the alleged violations. When operated, the Plant City SAPs emitted sulfur dioxide ("SO$_2$") into the atmosphere, which is a regulated pollutant under the CAA.

WHEREAS, the Complaint alleges that in September 2005, after Defendant completed the work outlined in Final Permit No. PSD-FL-339 issued by Florida Department of Environmental Protection ("FDEP") in June 2004 (hereinafter, the "2004 Permit") and the C and D SAPs each met the intended sulfuric acid production level of 2,600 tons per day (tpd), Defendant requested a permit modification to install new blower fans at the C and D SAPs that would allow each unit to increase production to 2,750 tpd. The Complaint alleges that the potential SO$_2$ emissions increase for the C and D SAPs for the blower project was in excess of the significance level of 40 tons per year (tpy), the threshold for whether a project constitutes a major modification requiring PSD review and a PSD construction permit under the CAA and applicable state of Florida SIP and corresponding rules. The Complaint alleges that Defendant failed to undergo required PSD review, failed to develop a proposed Best Available Control Technology (BACT) emissions limit prior to installing the blower fans, and failed to apply for, or obtain a PSD permit for this project. By failing to meet the PSD requirements for the modifications to the C and D SAPs, the Complaint alleges that Defendant violated and was in continuous and ongoing violation of Section 165(a) of the Act, 42 U.S.C. § 7475(a), and 40 C.F.R. § 52.21, and the corresponding Florida SIP for PSD, enforceable by EPA under Section 113 of the Act, 42 U.S.C. § 7413, and 40 C.F.R. § 52.23.

WHEREAS, the Complaint also alleges that in November 2007, Defendant requested a permit modification to increase sulfuric acid production capacity of the C and D SAPs from 2,750 to 2,962 tpd, stating that because Defendant also was requesting a reduction in the

permitted $SO_2$ emission rate for both the C and D SAPs from 3.5 lbs/hr of $SO_2$ per ton of sulfuric acid produced to 3.25 lbs/hr/ton, there would be no $SO_2$ emissions increase, and thus the projects were not major modifications requiring PSD review. Although the C and D SAPs were existing units, the Complaint alleges that Defendant incorrectly used the SAPs' potential to emit, rather than their actual average yearly $SO_2$ emissions, as a baseline to calculate the proposed $SO_2$ emissions increase. Calculating the $SO_2$ emissions increase from the 2007 project using the C and D SAPs' actual average emissions rates as a baseline, the Complaint alleges that the emissions resulting from the project exceeded the 40 tpy significance threshold for determining whether a project is a major modification requiring PSD review. Accordingly, the Complaint alleges that Defendant failed to meet the PSD requirements by not applying for, obtaining, or operating pursuant to a PSD permit for the increase in production in 2007, and therefore, Defendant violated and was in continuous and ongoing violation of Section 165(a) of the Act, 42 U.S.C. § 7475(a), and 40 C.F.R. § 52.21, and the corresponding Florida SIP for PSD, enforceable by EPA under Section 113 of the Act, 42 U.S.C. § 7413, and 40 C.F.R. § 52.23.

WHEREAS, on June 16, 2010, EPA issued to Defendant a Notice of Violation pursuant to Section 113 of the CAA, 42 U.S.C. § 7413, alleging violations of the PSD requirements described above.

WHEREAS, Defendant does not admit the allegations in the Complaint or this Stipulation and does not admit any liability to the United States arising out of the transactions or occurrences alleged in the Complaint, and nothing in the Complaint or in this Stipulation shall be treated as an admission of any violation of federal or state statutes or regulations in any litigation or Forum whatsoever, except that the terms of this Stipulation, and Defendant's failure to comply

with the terms and conditions thereof, may be used by the United States in any action to enforce the terms of this Stipulation or as otherwise permitted by law.

WHEREAS, on March 17, 2014, Defendant sold the Plant City Facility to Mosaic Fertilizer, LLC ("Mosaic").

WHEREAS, Mosaic ceased operating the Plant City Facility in 2017.

WHEREAS, on June 18, 2019, Mosaic announced that it will permanently close the Plant City Facility.

WHEREAS, in September 2019, Mosaic announced a joint venture with Anuvia Plant Nutrients to recommence fertilizer production at the Plant City Facility, without operation of the sulfuric acid plants.

WHEREAS, on November 20, 2019, FDEP issued Mosaic Air Construction Permit No. 0570005-083-AC, pursuant to which all sulfuric acid plants, including the C and D SAPs, shall be permanently shut down.

WHEREAS, Permit No. 0570005-083-AC moots the necessity to apply BACT limits to the C and D SAPs alleged to be operating in violation of the PSD requirement.

WHEREAS, to resolve, in accordance with this Stipulation, the claims asserted in the Complaint regarding alleged violations of the CAA regarding the C and D SAPs at the Plant City Facility, Defendant agrees to pay the sum of five hundred fifty thousand dollars ($550,000).

WHEREAS, the United States and Defendant (the "Parties") agree that settlement of this action without further expense and litigation is in the public interest and that entry of this Stipulation is the most appropriate means of resolving the instant matter.

NOW, THEREFORE, without adjudication or admission of any issue of fact or law, or any determination of liability, and upon consent and agreement of the Parties to this Stipulation, it is hereby AGREED, STIPULATED and ORDERED:

1.      This Court has jurisdiction over the subject matter of this action and the Defendant pursuant to Sections 113(b) of the CAA, 42 U.S.C. § 7413(b), and pursuant to 28 U.S.C. §§ 1331, 1345, and 1355. The Court has personal jurisdiction over the Parties. Venue is proper in this District pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and 28 U.S.C. §§ 1391 and 1395(a), because the alleged violations that constitute the basis of this Complaint occurred in this District and the Plant City SAPs are located in this District. For purposes of this Stipulation, or any action to enforce this Decree, Defendant consents to the Court's jurisdiction over this Stipulation and any such action and over Defendant and consents to venue in this judicial district.

2.      Within 30 Days after the Effective Date, Defendant shall pay the sum of $550,000 as a civil penalty, together with interest at the rate specified in 28 U.S.C. § 1961 as of the date of filing.

3.      Defendant shall pay the civil penalty due by Fedwire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account, in accordance with instructions provided to Defendant by the Financial Litigation Unit ("FLU") of the U.S. Attorney's Office for the Middle District of Florida after the Effective Date. The payment instructions provided by the FLU will include a Consolidated Debt Collection System ("CDCS") number, which shall be used to identify all payments required to be made in accordance with this Stipulation. The FLU will provide the payment instructions to:

5

CF Industries
Attention: Melissa Bjella
Vice President, Associate General Counsel
4 Parkway North, Suite 400
Deerfield, Il 60015
Telephone: (847) 405-2506
Email: mbjella@cfindustries.com

Defendant may change the individual to receive payment instructions on its behalf by providing

written notice of such change to DOJ and EPA in accordance with Paragraph 5, below.

4.      The payment shall reference the CDCS number, the Civil Action Number

assigned to this case and DOJ Number 90-5-2-1-10152.

5.      At the time of payment, Defendants shall send notice that payment has been made

to the United States and EPA as follows:

As to the United States by email:      eescdcopy.enrd@usdoj.gov
                                        Re: DJ # 90-5-2-1-10152

As to the United States by mail:       EES Case Management Unit
                                        Environment and Natural Resources Division
                                        U.S. Department of Justice
                                        P.O. Box 7611
                                        Washington, D.C. 20044-7611
                                        Re: DJ # 90-5-2-1-10152

As to EPA by email:                    acctsreceivable.CINWD@epa.gov

As to EPA by mail:                     EPA Cincinnati Finance Office
                                        26 Martin Luther King Drive
                                        Cincinnati, OH 45268

Such notice shall state that the payment is for the civil penalty owed pursuant to this Stipulation.

6.      If Defendant fails to pay the civil penalty when due, Defendant shall pay a

stipulated penalty of $2,500 per day for each day that the payment is late. Payment of any

stipulated penalties shall be made in accordance with the payment instructions in Paragraphs 3

and 4 above, except that Defendant shall specify that the payment is for stipulated penalties for

late payment of the civil penalty and are to be deposited in the United States Treasury. Notice

shall be made in accordance with Paragraph 5 above, except that Defendant shall specify that the

payment is for stipulated penalties for late payment of the civil penalty and are to be deposited in

the United States Treasury. The United States, in its sole and unreviewable discretion, may

reduce or waive stipulated penalties otherwise payable to the United States under this

Stipulation.

7.      If Defendant fails to make any payment required in this Stipulation by the

required due date, interest shall continue to accrue on the unpaid balance through the date of

payment.

8.      Defendant shall not deduct any penalties paid under this Stipulation in calculating

its federal or state income taxes.

9.      All of the foregoing obligations shall apply to and are binding upon Defendant

and its successors, and shall not be altered by any change in ownership or corporate status.

10.     Each person signing this Stipulation represents that he or she possesses the full

authority to bind the party on whose behalf he or she is signing to all terms of this Stipulation.

11.     Entry of this Stipulation and payment of the penalty stated in Paragraph 2 and any

applicable stipulated penalties and interest stated in Paragraphs 6 and 7 shall constitute full and

final settlement of (1) the civil claims of the United States for the violations alleged in the

Complaint filed in this action; and (2) the alleged violations set forth in the Notice of Violation

issued to Defendant by EPA on June 16, 2010.

12.     The United States reserves all legal and equitable remedies available to enforce

the provisions of this Stipulation. This Stipulation shall not be construed to limit the rights of the

United States to obtain penalties or injunctive relief under the CAA or implementing regulations, or under other federal laws or regulations.

13.     In any subsequent administrative or judicial proceeding initiated by the United States against Defendant for injunctive relief, civil penalties, other appropriate relief relating to the Plant City Facility or for any alleged violations other than those resolved in this proceeding, Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case, except with respect to claims that have been specifically resolved pursuant to Paragraph 11.

14.     This Stipulation constitutes a final judgment under Federal Rules of Civil Procedure 54 and 58, and it shall constitute an enforceable judgment in accordance with Rule 69 of the Federal Rules of Civil Procedure, and Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3001-3308, and other applicable authority. The United States shall be deemed a judgment creditor for purposes of collection of any unpaid amounts of the civil and stipulated penalties. Further, Defendant shall be liable for attorneys' fees and costs reasonably incurred by the United States to collect any amounts due under this Stipulation.

15.     With regard to matters relating to this Stipulation and its enforcement and the filing of the Complaint, Defendant shall identify on the attached signature page the name, address, email address and telephone of an agent who is authorized to accept service of process on behalf of that entity with respect to all matters arising under or relating to this Stipulation and the filing of the Complaint. Defendant hereby agrees to accept service of process by email and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure

8

and in any applicable local rules of this Court, including, but not limited to, service of a summons.

      16.    Except as stated in Paragraph 14 of this Stipulation, each party shall bear its own costs and attorneys' fees related to this action.

      17.    This Court shall retain jurisdiction for the purposes of interpreting and enforcing this Stipulation.

      AS AGREED AND STIPULATED TO AND BY THE PARTIES, IT IS SO ORDERED ON THIS__5th____DAY OF ___August_____, 2020.


_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

THE UNDERSIGNED PARTIES enter into this Joint Stipulation of Settlement in the matter of *United States v. CF Industries, Inc.*:

FOR PLAINTIFF UNITED STATES OF AMERICA

ELLEN M. MAHAN
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice

Dated: _____

RACHAEL
KAMONS

Digitally signed by RACHAEL
KAMONS
Date: 2020.07.16 17:52:47 -04'00'

Rachael Amy Kamons
Senior Counsel
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Washington, DC 20044-7611
Telephone: (202) 514-5260 /
Facsimile: (202) 616-2427
Email: Rachael.Kamons@usdoj.gov

THE UNDERSIGNED PARTIES enter into this Joint Stipulation of Settlement in the matter of *United States v. CF Industries, Inc.*:

FOR PLAINTIFF UNITED STATES OF AMERICA (continued)


MARIA CHAPA LOPEZ
United States Attorney
Middle District of Florida

LACY HARWELL    Digitally signed by LACY HARWELL
Date: 2020.07.16 17:57:23 -04'00'

Dated: _____    _____

L. RANDY HARWELL
Assistant United States Attorney
Florida Bar No. 714623
United States Attorney's Office
Middle District of Florida
400 North Tampa Street, Suite 3200
Tampa, FL 33602
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
Randy.Harwell@usdoj.gov


/ This Portion of Page Intentionally Left Blank /


11

THE UNDERSIGNED PARTIES enter into this Joint Stipulation of Settlement in the matter of *United States v. CF Industries, Inc.*:

FOR PLAINTIFF UNITED STATES OF AMERICA (continued)

Dated: _____

LEIF PALMER

Digitally signed by LEIF PALMER
Date: 2020.07.13 17:49:41 -04'00'

_____

LEIF PALMER
Regional Counsel
U.S. EPA, Region 4

Dated: _____

ROBERT CAPLAN

Digitally signed by ROBERT
CAPLAN
Date: 2020.07.13 17:34:08 -04'00'

_____

Robert Caplan
Senior Attorney
U.S. Environmental Protection Agency
Sam Nunn Federal Building
61 Forsyth Street
Atlanta, Georgia 30303
404-562-9520

/ This Portion of Page Intentionally Left Blank /

THE UNDERSIGNED PARTIES enter into this Joint Stipulation of Settlement in the matter of *United States v. CF Industries, Inc.*:

FOR DEFENDANT CF INDUSTRIES, INC.

Dated: June 11, 2020

Douglas C. Barnard
Senior Vice-President, General Counsel &
   Secretary
CF Industries, Inc.
4 Parkway North, Suite 400
Deerfield, Illinois  60015
Telephone: (847) 405-2504
dbarnard@cfindustries.com

13